[Cite as *State v. Hill*, 2016-Ohio-8087.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-15-011

        Appellee                                 Trial Court No. 14 CR 159

v.

Stephen Hill                                     **DECISION AND JUDGMENT**

        Appellant                                Decided:  December 9, 2016

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Amanda A. Krzystan, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 5, 2015 judgment of the Sandusky County

Court of Common Pleas, which found appellant guilty of two counts of rape, in violation

of R.C. 2907.02(A)(1), felonies of the first degree, two counts of rape, in violation of R.C. 2907.02(A)(2), felonies of the first degree, and one count of sexual battery, in violation of R.C. 2907.03(A)(5), a felony of the third degree. All offenses stem from various acts of sexual conduct between appellant and his minor daughter.

{¶ 2} On February 17, 2015, appellant was sentenced to life in prison without the possibility of parole, merged for sentencing purposes, encompassing the rape convictions, along with an eight-year term of incarceration for the sexual battery conviction, ordered to be served concurrently. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Stephen Hill, sets forth the following five (5) assignments of error:

I. THE COURT ERRED BY ALLOWING THE MINOR CHILD/ALLEGED VICTIM TO TESTIFY WITHOUT DECLARING THAT SHE WOULD TESTIFY TRUTHFULLY IN VIOLATION OF EVID.R. 603, THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 7 OF THE OHIO CONSTITUTION.

II. THE REPEATED INSTANCES OF IMPROPER BOLSTERING OF THE ALLEGED VICTIM'S TESTIMONY THROUGH HEARSAY STATEMENTS DEPRIVED APPELLANT OF HIS STATE AND CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH AND FOURTENTH

2.

AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

III.  APPELLANT'S CONVICTIONS ARE NOT SUPPORTED BY PROOF BEYOND A REASONABLE DOUBT.

IV.  APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

V.  THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION.

**{¶ 4}** The following undisputed facts are relevant to this appeal.   The origins of this case arise from inappropriate sexual conduct exhibited by appellant's minor son at his school in May of 2013 which raised a red flag with school staff.  The young boy inappropriately touched a classmate in a sexual manner and also exposed his private parts.  Given the troubling nature of this incident, the boy was referred to the principal's office.  In turn, the school principal reported the incident to children services to conduct an investigation.

**{¶ 5}** On May 2, 2013, children services commenced an investigation into the matter.  Appellant's minor son disclosed that appellant sometimes plays "naked parties" with the boy's younger sister, who was four years of age at the time of these events.  Specifically, the boy conveyed that appellant sometimes put his "man parts" into his younger sister's mouth.  The Sandusky County Children Services personnel and a

3.

detective from the Sandusky Police Department extensively interviewed the children in connection to this disclosure.

{¶ 6} In addition to disclosing to the interviewers that he had sometimes observed appellant insert his "man part" in his younger sister's mouth, the boy further revealed that these activities were referred to as "naked parties" and that it must be kept a secret. The boy also disclosed inappropriate sexual conduct occurring between his parents in front of both the boy and his younger sister. The boy further disclosed observing appellant placing his "man part" into his sister's rear end, in addition to placing it into her mouth. Lastly, the boy revealed that their mother is aware of the activities, and would sometimes "peek in" and watch appellant engaged in these activities with their daughter.

{¶ 7} During the interview of appellant's four-year-old daughter, the girl disclosed that she did not want to engage in the "naked parties" but that her father wanted her to do it. She likewise conveyed that her father wants it to be kept a secret. The girl disclosed that her father inserts his private part in her mouth and in her rear end. In conjunction with this disclosure, she circled the penis portion of a male anatomical diagram to verify exactly what was being placed in her mouth and her rear end by appellant.

{¶ 8} Consistent with her brother's revelations, the girl similarly disclosed that their mother was aware of the "naked parties." She exhibited substantial anxiety and fear regarding having revealed the secret to the interviewers contrary to the wishes of appellant. When questioned further regarding why she was fearful of the secret being revealed, the girl indicated that if the secret is revealed police with handcuffs would come and get involved.

4.

{¶ 9} The social worker from children services who interviewed the children testified at trial regarding the details revealed by the children of the conduct engaged in by appellant at the "naked parties," and that they both conveyed awareness by the mother of the activities. The investigating detective who participated in the interviews of the children with children services testified that appellant denied the events disclosed by his children.

{¶ 10} On May 13, 2013, approximately two weeks after the initial interviews, appellant's minor daughter underwent a comprehensive medical evaluation by expert staff personnel at the Lucas County child abuse center. The girl consistently disclosed that her father would sometimes play "naked parties" with her during which he would put his man part in her mouth, rear end, and her "front."

{¶ 11} During the subsequent medical examination, it was observed that the girl's "[H]ymen was thinned with an angulated turn at the 7-8 o'clock position." In addition, there was also scarring observed in this vicinity. Such findings on a four-year-old child are consistent with having been raped.

{¶ 12} This medical examination of the victim was conducted by Dr. Randall Schievert, the medical director of the Lucas County child abuse program. Based upon his examination of the victim, Dr. Schlievert concluded, "[H]er exam reveals a finding that is consistent with sexual abuse. Based upon her medical history, behaviors and physical exam, I have diagnosed her as sexually abused." Dr. Schlievert consistently testified at trial that based upon his interview and physical examination of the girl, including internal

5.

examination of the vagina, her hymen had been subjected to penetrating injury and had been torn and the location consistent with having been raped.

{¶ 13} Lastly, on May 5, 2013, appellant's daughter was briefly seen in the emergency room at the Firelands Regional Medical Center. The physician who met with her stated in a perfunctory report that when asking the victim about the events, "She really would not answer those questions. She just kind of looked at me when I talk to her and asked her      * * * I did not push it at her age." The report further noted, "She had a bit of uncleanly area in the vaginal folds, and that needed to be cleansed out of some debris." The ultimate diagnosis listed in the emergency room report was, "Possible sexual assault."

{¶ 14} On March 17, 2014, appellant was indicted on two counts of rape, in violation of  R.C. 2907.02 (A)(1), felonies of the first degree, two counts of rape, in violation of R.C. 2907.02 (A)(2), felonies of the first degree, and one count of sexual battery, in violation of R.C. 2907.03 (A)(5).

{¶ 15} On February 2, 2015, the matter proceeded to jury trial. On February 5, 2015, the jury found appellant guilty on all counts. On February 17, 2015, appellant was sentenced to a term of life in prison without the possibility of parole. This appeal ensued.

{¶ 16} In the first assignment of error, appellant maintains that the trial court committed reversible error by hearing the testimony of the minor victim without requiring the child, "[T]o declare that she would testify truthfully before the jury." We do not concur.

6.

{¶ 17} The record reflects that appellant's minor daughter did not testify at trial in any way adverse to appellant. On the contrary, the girl's testimony to the trial court was that she could no longer remember the events that she was being questioned about. In addition, the record reflects that counsel for appellant made no objection or challenge regarding the oath prior to the testimony of appellant's daughter.

{¶ 18} Crim.R. 52(A) establishes that any claimed error, "[W]hich does not affect substantial rights shall be disregarded." We find that the record reflects that the claimed error in connection to the oath prior to the appellant's minor daughter testifying at trial constituted harmless error as the testimony which followed the allegedly improper witness oath encompassed no testimony adverse to appellant. We find appellant's first assignment of error not well-taken.

{¶ 19} In the second assignment of error, appellant asserts that there was "improper bolstering" of appellant's minor daughter's testimony in contravention of appellant's constitutional rights. We do not concur.

{¶ 20} In support of the second assignment of error, appellant disputes the legitimacy of the hearsay exception testimony furnished by expert witnesses for appellee related to the revelations of appellant's minor daughter regarding the "naked parties" engaged in by appellant with his daughter. These revelations by the victim occurred during investigatory interviews and examinations prior to trial.

{¶ 21} The record reflects that the disputed testimony did not constitute some sort of improper "bolstering." On the contrary, the record reflects that the disputed testimony

7.

adverse to appellant was properly furnished pursuant to applicable exceptions to the hearsay rule.

{¶ 22} Evid.R. 807 establishes a permissible exception to the hearsay rule for statements of a minor under the age of 12 whose testimony is not otherwise, "[R]easonably obtainable by the proponent of the statement." In conjunction with this, Evid.R. 807(B)(1) defines "not reasonably obtainable" as, "The child refuses to testify concerning the subject matter of the statement or claims a lack of memory of the subject matter of the statement after a person trusted by the child, in the presence of the court, urges the child to both describe the acts described by the statement and to testify."

{¶ 23} The record reflects that the onset of claimed memory loss at trial by appellant's daughter, who was approximately four years of age at the time of the underlying events and six years of age at the time of trial, enabled the disputed testimony regarding the girl's prior revelations during professional interviews and expert examinations to be submitted to the court pursuant to Evid.R. 807. We find appellant's second assignment of error not well-taken.

{¶ 24} In the third assignment of error, appellant maintains that the convictions were not supported by proof beyond a reasonable doubt. We do not concur.

{¶ 25} In support of the third assignment, appellant presumes a favorable outcome in response to appellant's second assignment of error. Appellant states, "The testimony of the alleged victim was not sufficient to meet the definition of either sexual conduct or sexual contact."

8.

{¶ 26} In reviewing an appellate challenge to the sufficiency of the evidence, the function of this court is to examine all of the evidence furnished at trial and submitted into evidence in order to determine whether the evidence, if believed, would convince a reasonable juror of guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

{¶ 27} Although appellant's minor daughter conveyed at trial, several years after the underlying incidents, that she could not recall the events she was being questioned about, the record reflects ample separate testimony from other witnesses on behalf of appellee including Dr. Schlievert, the agency caseworker, and the investigating detective. All of these witnesses furnished testimony clearly supportive of a finding of guilty against appellant. Similarly, a multitude of expert documents and medical records pertaining to the victim admitted into evidence are also supportive of a finding of guilty against appellant.

{¶ 28} The record reflects testimonial evidence and medical documentation by Dr. Schlievert finding discernible and significant damage to the hymen and damage to the interior of the vagina of the four-year old victim consistent with rape and which supports the conclusion that appellant raped his daughter. This conclusion is consistent with the testimony of the investigating caseworker for children services to whom the girl revealed that her father had inserted his "knee", the child's term for penis, into her mouth, rear end, and "front." The record further encompasses testimony establishing that the girl's

9.

older brother had likewise made consistent disclosures to investigating professionals regarding appellant's unlawful sexual conduct with his daughter.

{¶ 29} Accordingly, we find that the record contains ample evidence from which a rational trier of fact could find the offenses proven beyond a reasonable doubt when reviewed in the light most favorable to appellee.

{¶ 30} Accordingly, we find appellant's third assignment of error not well-taken.

{¶ 31} In the fourth assignment of error, appellant similarly alleges that the convictions are against the manifest weight of the evidence. We do not concur.

{¶ 32} In ascertaining whether disputed convictions are against the manifest weight of the evidence, this court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way such that it created a manifest miscarriage of justice necessitating the extreme remedy of a reversal and new trial. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).

{¶ 33} In support of the fourth assignment of error, appellant again places great reliance upon both the trial testimony of appellant's daughter no longer recalling the events, as well as the claimed impropriety of the separate professional and expert testimony in connection to disclosures and revelations by the victim prior to trial regarding the "naked parties" engaged in by appellant with his minor daughter. Appellant further places importance upon the testimony of the emergency room physician from Firelands Medical Center ("Firelands") and purports that it undermines the adverse conclusions and testimony of Dr. Schlievert. We are not convinced.

10.

{¶ 34} We find that the testimony of the emergency room physician from Firelands does not effectively negate or rebut the testimony, conclusions, and reports submitted by Dr. Schlievert. Dr. Schlievert's reports and testimony clearly reflected a far more comprehensive examination of the victim, including an internal examination, and a far more thorough analysis of the matter in comparison to the Firelands report. The report from the Firelands emergency room physician conveyed, "[S]he really would not answer those questions. She just kind of looked at me when I talk to her and asked her * * * I did not push it at her age." On the contrary, Dr. Schlievert did "push it" and conducted far more comprehensive questioning and physical examination of the victim. Based upon the same, Dr. Schlievert concluded that the victim was subjected to sexual abuse by her father and that the physical manifestation of her injuries were consistent with being raped by appellant.

{¶ 35} In conjunction with the above, the testimony from various expert witnesses for appellee connected to revelations by the victim regarding ongoing "naked parties" during which appellant would insert his penis into his daughter's mouth, rear end, and "front" and then instruct her to keep the events a secret, was consistent with revelations by the victim's older brother, and were all properly before the court pursuant to the hearsay exception for minors established by Evid.R. 807.

{¶ 36} Based upon the foregoing, we find that appellant has failed to establish that the jury clearly lost its way and that leaving the convictions intact would result in a manifest miscarriage of justice. We find appellant's fourth assignment of error not well-taken.

11.

**{¶ 37}** In the fifth assignment of error, appellant alleges that the trial court erred in denying appellant's Crim.R. 29 motion for acquittal.

**{¶ 38}** Crim.R. 29 (A) establishes that when the evidence is closed, a defendant may move for acquittal if, "[T]he evidence is insufficient to sustain a conviction of such offense or offenses." Given our determinations above that the convictions were supported by sufficient evidence, were not against the manifest weight of the evidence, and do not constitute a manifest miscarriage of justice based upon the record of evidence in this matter, we likewise find appellant's fifth assignment of error, premised upon analogous assertions, not well-taken.

**{¶ 39}** On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Sandusky Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                           _____

                                                      JUDGE

Thomas J. Osowik, J.

                                               _____

James D. Jensen, P.J.                                    JUDGE
CONCUR.

                                               _____

                                                     JUDGE

12.